Baird *v.* Ford.  Ford's Appeal.

*Sheriff's sale—Distribution—Allowance of set-off by auditor.*

An auditor appointed to distribute a fund raised by a sheriff's sale has no authority to allow as a set-off against a claim of a judgment creditor an indebtedness due by the creditor to the defendant in the execution, on a transaction between them, which did not relate to the judgment, or involve an agreement for a credit upon it.

Argued Oct. 18, 1892.  Appeal, No. 184, Oct. T., 1892, by A. J. Ford, a judgment creditor, from decree of C. P. Washington Co., Feb. T., 1886, No. 248, distributing a fund raised by sheriff's sale of realty, on execution, Thos. H. Baird *v.* John A. Ford.  Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Exceptions to auditor's report, distributing fund raised by sheriff's sale.

From the report of the auditor, H. J. Van Kirk, Esq., it appeared that, on Aug. 17, 1891, the real estate of John A. Ford was sold at sheriff's sale.  At the time of the sale there were several liens against the property, among them A. J. Ford's judgment for $2,522.50 with interest from March 4, 1890 ; Alexander & Co.'s judgment for $185, with interest from Feb. 10, 1891, and Thomas H. Baird's judgment for $1,641.84, with interest from April 6, 1891.  Two pieces of real estate were sold at the sale, Thomas H. Baird, a judgment creditor, purchasing one piece, and A. J. Ford, a judgment creditor, purchasing the other.

From the evidence before the auditor it appeared that in 1887 John A. Ford held a judgment against Sarah E. Tidball amounting to $1,291.17.   At John A. Ford's request, A. J. Ford bought in the Tidball property at the sheriff's sale, with the understanding that when the property was resold he was to reimburse himself, and pay over the surplus to John A. Ford. The property, however, was never resold.   The lien of A. J. Ford's judgment against John A. Ford having expired on Jan. 27, 1887, it was amicably revived on March 4, 1890, and liquidated at $2,522.50, no credit being allowed for the amount of John A. Ford's judgment against Sarah E. Tidball.

The auditor decided that the amount of John A. Ford's judgment against Sarah C. Tidball should be entered as a credit on A. J. Ford's judgment as of date May 13, 1887, and allowed the balance with its interest from said date to be a preferred claim on said fund.   Exception by appellant to this allowance was dismissed by the court, in an opinion by Mc-Ilvaine, P. J.

*Error assigned* was, inter alia, dismissing exception, quoting it.

*R. W. Irwin,* with him *J. L. Judson, J. M. Patterson, M. C. Acheson* and *N. E. Clark,* for appellant.—An auditor cannot inquire into the validity of a judgment regular upon its face : Borland's Ap., 66 Pa. 470 ; Edwards's Ap., 66 Pa. 90 ; Meckley's Ap., 102 Pa. 536 ; Stewart v. Colwell, 24 Pa. 67 ; Lysle v. Williams, 15 S. & R. 135 ; Rutherford v. Boyer, 84 Pa. 347 ; McVeagh v. Little, 7 Pa. 279 ; Meason's Est., 4 Watts, 341 ; William's Ap., 47 Pa. 307 ; Edwards's Ap., 66 Pa. 90 ; Hopkins v. West, 83 Pa. 109 ; Lewis v. Rogers, 16 Pa. 18 ; McConnell's Ap., 97 Pa. 31 ; Beddell's Ap., 87 Pa. 510 ; Roddy's Ap., 99 Pa. 10 ; Logue's Ap., 104 Pa. 136.

No paper book was filed contra.

Opinion by Mr. Justice McCollum, January 3, 1893 :

This is an appeal from a decree distributing the fund realized by a sheriff's sale of the real estate of John A. Ford.   In the appeal of Thomas H. Baird et al. from the same decree decided at this term [the preceding case], the A. J. Ford judgment was attacked on the ground that it was collusive and fraudulent as to creditors, and we sustained an affirmative finding by the auditor that it was not.   The question now presented

is whether the auditor erred in going behind this judgment and deducting from it $1,621.27 on the ground that the plaintiff owed the defendant that sum on a transaction between them which did not relate to the judgment or involve an agreement for a credit upon it. This transaction was nearly three years before the judgment was revived, and the theory of the auditor was that while the revival of it was by the agreement of the parties and free from any taint of fraud or collusion it should have been limited to the amount of the original judgment and interest, less the alleged indebtedness of the plaintiff to the defendant. We say "alleged" because it is not admitted or claimed by the parties, or either of them, that there is any indebtedness of the plaintiff to the defendant which was then or is now capable of ascertainment and available as a credit or set-off. But they were not bound to so apply such indebtedness if it existed, and as there was no fraudulent purpose in their revival of the judgment for the full amount due upon it the auditor cannot reduce it except on proof of payments made since its rendition. There was due on the original judgment the amount for which it was revived, because the mere fact that the plaintiff was indebted to the defendant on an independent transaction between them did not operate as an extinguishment or satisfaction of any part of it. Nor was A. J. Ford's liability to John A. Ford on account of that transaction discharged or in any degree impaired by the revival of his judgment. For aught that appears it still exists. According to the auditor's version of the transaction it is an absolute liability for the amount of John's judgment against Tidball with interest thereon from May, 1887, and according to his testimony it is nothing more than a liability conditioned on his sale of the Tidball property, and then only for such sum as remains after paying from the proceeds his expenditures in the purchase and improvement of it. But whether it is absolute or conditional, for the whole or a small portion of John's judgment, it is a liability which cannot be enforced by the auditor in this distribution.

An auditor cannot set aside a judgment regular upon its face except on proof that it was recovered or maintained by collusion between the parties to it, for the purpose of defrauding the creditors of the defendant therein. He may receive

evidence that it has been paid since it was obtained but he cannot go behind it and correct an honest mistake of the parties in fixing its amount. These principles are so well settled and so familiar to the legal profession that a citation of the numerous decisions in our own state which illustrate and enforce them is not deemed necessary. It is sufficient to refer to the comparatively recent case of Meckley's Ap., 102 Pa. 536, in which these principles are considered and applied and many of the cases sustaining them are cited. In the case to which we refer a husband confessed judgment in favor of his wife for more than he owed her, and in this case it is alleged that the parties to a valid judgment neglected in their revival of it to set off an indebtedness of the plaintiff to the defendant on a distinct and independent transaction between them. In each case it was found by the auditor that there was no fraud in the judgment, or intention of the parties to hinder creditors. In the former the wife received the whole amount of her judgment and in the latter the auditor applied to the revived judgment the set-off which he thought the parties should have allowed upon the original one before or at the time of its revival. Clearly this action of the auditor was unauthorized. Upon the facts found by him he should have awarded the fund to the appellant's judgment.

The specifications of error are sustained.

Decree reversed at the cost of the appellees and record remitted with direction to enter a decree in accordance with this opinion.